UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LANGER,<br><br>Plaintiff,<br><br>v.<br><br>THE AMERICAN AUTOMOBILE ASSOCIATION, INC.,<br><br>Defendant. | Case No.:  22-CV-1519-CAB-WVG<br><br>**ORDER ON MOTION TO DISMISS**<br><br>[Doc. No. 3] |

Plaintiff Chris Langer sues Defendant The American Automobile Association, Inc. ("AAA") for violations of California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, and Disabled Persons Act, Cal. Civ. Code § 54.1.  This matter is before the Court on AAA's motion to dismiss.  The motion has been fully briefed, and the Court deems it suitable for submission without oral argument.  For the following reasons, the motion is granted.

**I.     Allegations in the Complaint**

The complaint alleges that Plaintiff is "hard of hearing and needs closed captioning to consume audio content such as movies, videos or tutorials." [Doc. No. 1-2 at ¶ 1.]  It alleges that Defendant "The American Automobile Association offers privileges, advantages, accommodations, facilities, goods, or services ('Benefits') to the public out [sic] place of public accommodation in California as defined by the ADA." [*Id.* at ¶ 16.]

The complaint does not provide any further details about any "Benefits" aside from information provided on AAA's website.

Specifically, Plaintiff alleges that "[t]he information on the website alone is a covered Benefit, allowing patrons to learn about goods and services as well as the business itself without leaving their home." [*Id.* at ¶ 17.] The complaint goes on to describe some of the information available on the website, including "details about [AAA] itself, location and contact information; information about the prices, online ordering, deals and promotions." [*Id.* at ¶ 19.] The complaint does not allege that Plaintiff was unable to obtain any of this information from the website. Instead, the complaint alleges only that the website contained videos that "lacked closed captioning, which made him unable to fully understand and consume the contents of the videos." [*Id.* at ¶ 21.] The complaint states that the videos on the website "provide value independently as a separate benefit and failure to provide closed captioning provides an inherently disparate and unequal experience to disabled customers." [*Id.* at ¶ 23.]

Based on these allegations, the complaint asserts claims for violations of California's Unruh Act and Disabled Persons Act, respectively. Both claims are premised solely on the theory that AAA's website violates the Americans with Disabilities Act ("ADA"). AAA moves to dismiss the complaint on the grounds that the complaint does not allege facts establishing an ADA violation and that therefore fails to state claims under the Unruh Act and Disabled Persons Act.[1]

---

[1] AAA also argues that the complaint fails to state a claim under the Unruh Act under the alternative theory that AAA engaged in intentional discrimination. *Cf. Martinez v. San Diego Cnty. Credit Union,* 50 Cal. App. 5th 1048, 1053 (2020) (characterizing ADA violations and intentional discrimination as alternate theories for a single cause of action under the Unruh Act). The complaint, however, does not allege an Unruh Act violation based on intentional discrimination, and Plaintiff's opposition argues only that his claim should survive dismissal because he has alleged an ADA violation. Accordingly, the Court need not address this argument.

## II.     Legal Standards

The familiar legal standards apply here. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). On the other hand, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor is the Court "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation marks omitted).

## III.    Discussion

Although Plaintiff asserts only state law claims, both claims are premised on an alleged violation of the ADA, and the only question in dispute in connection with the instant motion to dismiss is whether the complaint alleges a violation of the ADA. Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.A. § 12182(a). Thus, to state a claim for violation of the ADA, the plaintiff must adequately allege that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was

denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). AAA argues that the complaint fails to state a claim based on Plaintiff's inability to access videos on AAA's website because AAA's website is not a place of public accommodation and because the complaint fails to allege a nexus between AAA's website and AAA's physical locations. The Court agrees.

As other district courts have noted when dismissing similar lawsuits filed by Plaintiff, "[o]n their own, websites are not places of public accommodation." *Langer v. Carvana, LLC*, No. 821CV00303JLSJDE, 2021 WL 4439096, at *3 (C.D. Cal. Aug. 24, 2021) (quoting *Langer v. Pep Boys Manny Moe & Jack of California*, No. 20-CV-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 15, 2021)). However, the ADA "applies to the services *of* a place of public accommodation, not services *in* a place of public accommodation." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (*emphasis* in original). Thus, an ADA violation can arise out of the lack of accessibility of a website when there is a nexus between the website and the goods and services provided by a physical place of public accommodation. *See id.* at 905-06.

In *Robles*, the visually impaired plaintiff alleged that Domino's Pizza's website and app violated the ADA because they were not configured to allow him to use them with screen-reading software to order pizza for delivery. The Ninth Circuit held that the ADA applies to Domino's website and app because they "facilitate access to the goods and services of a place of public accommodation—Domino's physical restaurants," and "connect customers to the goods and services of Domino's physical restaurants." *Id.* at 905-06. *Robles* is distinguishable.

Plaintiff here alleges that he intended "to partake in the Benefits of the place of public accommodation offered through [AAA's] Website," but he does not allege how any alleged difficulties in accessing the website prohibited him from taking advantage of the benefits offered by AAA's physical places of public accommodation. Instead, Plaintiff takes the position that because "Defendant has 'brick and mortar' stores and service establishments, defendant's website is also covered by the ADA." [Doc. No. 5 at 2.]

4

Plaintiff cites to no authority for this proposition, which completely ignores whether there is a nexus between AAA's website and the services provided by AAA's physical locations, and it has been rejected by the majority of district courts who have considered this issue since *Robles*.

The Ninth Circuit in *Robles* expressly declined to "decide whether the ADA covers the websites or apps of a physical place of public accommodation where their inaccessibility does not impede access to the goods and services of a physical location." *Robles*, 913 F.3d at 905 n.6.  Since *Robles*, however, "numerous California district courts have found no nexus where the complaint failed to plead that web-based barriers impeded the plaintiff from accessing or ordering goods or services from a physical location." *Erasmus v. Ryan A. Dunlop, D.M.D., Inc.*, No. 121CV01236AWISAB, 2022 WL 2805961, at *5 (E.D. Cal. July 18, 2022) (citing cases).  The allegations in these other district court cases are similar, and their reasoning is persuasive.[2]

The complaint here does not allege that the lack of closed captioning on videos on AAA's website impeded Plaintiff's ability to access or order goods or services from AAA's physical locations.  To the contrary, it alleges that "information on the website alone is a covered Benefit" and that the videos themselves "provide value independently." [Doc. No.

---

[2] *See, e.g., Langer v. Cooke City Raceway, Inc.*, 2022 WL 2966172 at *10 (report and recommendation subsequently adopted by district court denying motion for default judgment because Plaintiff did not plausibly allege an ADA claim based on lack of closed-captioning on videos on the defendant's website); *Erasmus*, 2022 WL 2805691, at *6 (finding "that the Complaint does not sufficiently state an ADA claim because it does not allege that web-based barriers impeded Plaintiff from accessing or ordering goods or services from Defendant's office"); *Gomez v. Corro*, No. 21-CV-07085-SI, 2022 WL 1225258, at *2 (N.D. Cal. Apr. 26, 2022) (dismissing ADA claim because the plaintiff did "not cite any authority within the Ninth Circuit holding that a plaintiff may bring a Title III ADA claim to challenge the inaccessibility of a website where the inability to access information on the website was the sole basis of the ADA claim – where the website information was the 'service' – and the website's inaccessibility did not separately impede access to the goods or services of the public accommodation"); *Langer v. Carvana, LLC*, , 2021 WL 4439096, at *4 ("Langer has not pleaded any nexus between Carvana's failure to provide closed captioning on videos and his ability to access a physical location, or take advantage of Carvana's products and/or services; thus, he has failed to plead that he suffered an injury cognizable under the ADA."); *Langer v. Pep Boys Manny Moe & Jack of California*, 2021 WL 148237, at *5 ("[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim.").

1-2 at ¶¶ 17, 23.] In other words, "Plaintiff is [] essentially only alleging he was deterred from use of the Website." *Langer v. Cooke City Raceway, Inc.*, No. 121CV01488JLTBAK, 2022 WL 2966172, at *9 (E.D. Cal. July 27, 2022), *report and recommendation adopted*, No. 121CV01488JLTBAK, 2022 WL 3348015 (E.D. Cal. Aug. 12, 2022). That the alleged value of the website and videos themselves is independent of the goods and services offered at AAA's physical locations demonstrates that there is no nexus between the two. *Cf. id.* ("Plaintiff . . . never alleges he wishes to avail himself of the goods and services at the physical location, nor critically how he was unable to access the goods and services through some feature of the website, i.e., the nexus between the Website and the public accommodation."). Absent such a nexus, there is no ADA violation based on any lack of accessibility of the website.

In sum, "[b]ecause the majority of California district courts agree that a nexus requires web-based barriers to impede the plaintiff from accessing or ordering goods or services from a physical location, the Complaint's allegations that Plaintiff had difficulty watching a video on Defendant's website is not sufficient to allege injury under the ADA." *Erasmus*, 2022 WL 2805961 at *6. Accordingly, because Plaintiff's state claims are both premised solely on the alleged existence of an ADA violation, the failure to plead an ADA violation is fatal to both claims.

### IV. Conclusion

For the foregoing reasons, it is hereby **ORDERED** that the motion to dismiss is **GRANTED**. Because Plaintiff did not request leave to amend or otherwise argue in his opposition that he is able to amend his complaint to adequately allege an ADA violation, the Clerk of Court shall **CLOSE** this case.

It is **SO ORDERED**.

Dated: November 9, 2022

Hon. Cathy Ann Bencivengo
United States District Judge